FILED 30 APR '25 10:12 USDC-ORE

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON EUGENE DIVISION


Crouse v. Housing Works et al
Case No.: 6:25-cv-00547-MTK


MOTION FOR PRELIMINARY INJUNCTION

Plaintiff respectfully moves this Court for a preliminary injunction ordering the Defendants to provide Plaintiff with immediate access to safe and appropriate housing accommodations during the pendency of this case. This request is based on the following grounds:


---


I. INTRODUCTION

Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 65 to prevent ongoing and irreparable harm stemming from Defendants' failure to provide housing that reasonably accommodates Plaintiff's disabilities. Plaintiff is currently experiencing housing related trauma that significantly harms and exacerbates my mental health conditions. Plaintiff's claims are based in part on violations of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, the Fair Housing Act, and applicable constitutional due process protections.


I have attached six exhibits:

Exhibit A: A letter from my doctor recommending housing accommodations, including utility accommodation.

Exhibit B: My autism diagnosis letter that references my sensory difficulties that make my current housing unsuitable and harmful.

Exhibit C: A letter from my current therapist demanding meaningful accommodations and explaining that my housing is harmful.

Exhibit D: An email from my Housing Works case manager stating that the utility accommodation will not be approved based on a Housing Works policy

Exhibit E: A letter from the Deschutes I/DD program confirming my status in the I/DD program and generally confirming my housing to be harmful and the important of suitable housing for an individual with autism

Exhibit F: A resolution letter from the Oregon Department of Human Services claiming my immediate housing crisis is essentially not their responsibility, despite laws such as ORS 430.735 stating otherwise (listing housing as a service necessary to well-being of an individual with a developmental disability) and other applicable federal laws previously mentioned.

Exhibit G : A personal statement to the court.

---

## II. LEGAL STANDARD

A preliminary injunction may be granted when the moving party demonstrates:

1. A likelihood of success on the merits;

2. A likelihood of suffering irreparable harm in the absence of relief;

3. That the balance of equities tips in their favor; and

4. That the injunction is in the public interest.

See Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008).

---

## III. ARGUMENT

A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff has alleged serious and substantial claims involving disability-based discrimination and denial of reasonable accommodations in accessing housing through public agencies, including the state, county, and local housing authority. Plaintiff has consistently sought meaningful access to housing suited to their documented disabilities, and Defendants' failure to provide suitable housing constitutes a denial of rights guaranteed by the ADA, Rehabilitation Act, Fair Housing Act, and Olmstead v. L.C.

B. Plaintiff Faces Irreparable Harm

Plaintiff is currently without suitable housing and faces serious, continued deterioration in mental and emotional health as a result. This situation creates ongoing and irreversible harm,

particularly given the connection between safe housing and mental well-being. No monetary damages can remedy the harm of being forced to live in unsafe, unstable, or segregated settings, or to endure conditions that worsen Plaintiff's disability.

## C. The Balance of Harms Favors Plaintiff

The harm to Plaintiff—loss of stability, worsening health, and violation of federal disability rights —far outweighs any administrative burden placed on Defendants in providing housing accommodations. Defendants are public agencies tasked with serving vulnerable populations and ensuring nondiscrimination in housing access.

## D. An Injunction Serves the Public Interest

The public has a strong interest in ensuring that people with disabilities are not unjustly denied access to suitable housing and are not placed at risk to their welfare. Enforcing disability rights, upholding procedural fairness, and preventing further harm are aligned with both public policy and civil rights law.

---

## IV. REQUEST FOR RELIEF

For these reasons, Plaintiff respectfully requests that the Court:

1. Issue a preliminary injunction requiring Defendants to immediately provide Plaintiff with access to safe, appropriate, and stable housing that accommodates Plaintiff's disability, pending the resolution of this case. Plaintiff asserts that the prolonged crisis state caused by the current unsuitable housing constitutes an existential threat to Plaintiff's health and well-being, and that the burden of identifying and securing suitable housing to remedy this crisis should not rest upon the suffering party. The Defendants, as entities with a responsibility to provide or oversee access to safe and suitable housing, possess the resources and obligation to take immediate action to alleviate this crisis, such as fund temporary accommodation for Plaintiff at a suitable and safe location that mitigates the harmful conditions of Plaintiff's current residence, at no cost to Plaintiff.

2. Grant any other relief the Court deems just and proper.

---

Dated: April 27, 2025
Respectfully submitted,

Eric Croise,
Pro Se Plaintiff