IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


ERIC CROUSE,                                              Case No. 6:25-cv-00547-AP

               Plaintiff,                          **OPINION & ORDER**

     v.

HOUSING WORKS, DESCHUTES COUNTY,
and the STATE OF OREGON,

               Defendants.
_____
POTTER, United States Magistrate Judge:

Plaintiff Eric "Eran" Crouse alleges that Defendant Housing Works has "repeatedly failed to provide meaningful housing accommodations." Compl. 6, ECF No. 1. Plaintiff alleges that Defendants Deschutes County and State of Oregon failed to act to secure Plaintiff appropriate housing, "despite their full knowledge of the harm [the] housing is causing." Compl. 11. Plaintiff brings claims under the Fair Housing Act (FHA), the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. Compl. 3.

Before the Court is Defendant State of Oregon's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Def.'s Mot., ECF No. 40. All parties have consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 52. Because Oregon's Administrative Procedures Act provides the exclusive remedy for review of a final agency order, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. Because

Plaintiff has not alleged any other action taken by the State of Oregon, Defendant's motion to dismiss for failure to state a claim is GRANTED.

## BACKGROUND

Defendant Housing Works is the local housing authority for Deschutes, Crook, and Jefferson counties. Among other services, they provide affordable housing and rental assistance for qualified individuals. Housing Works owns and operates Phoenix Crossing, where Plaintiff lives. Compl. 6. Plaintiff alleges that the conditions of their current housing exacerbate their disabilities, causing "daily psychological and emotional trauma." *Id.*

In March 2024, Plaintiff submitted a housing accommodation request, asking that their "payment standard be sufficiently increased to allow for access to suitable housing." Compl. 8. Although the request was approved, Plaintiff's housing costs still exceeded the standard, requiring Plaintiff to pay more than 30% of their income towards rent. *Id.*

In January 2025, Plaintiff submitted another accommodations request, again asking that the payment standard be increased and for a higher utility allowance. *Id.* Plaintiff's doctor also submitted a letter in support of their request. However, this request was not approved. Compl. 8-9. Plaintiff has continued to request accommodations from Housing Works. *Id.*

Concurrently, Plaintiff began working with the Deschutes County Intellectual and Developmental Disabilities (IDD) program in August 2024. Compl. 10. Plaintiff has consistently asked their case manager to assist them in working with Housing Works to secure suitable housing. Compl. 10-12.

On January 21, 2025, Plaintiff received a letter from the IDD Program manager stating "our Program does not have a role to play in assuring your housing-related accommodations are met." Compl. 10. Plaintiff then filed a complaint with Oregon Department of Human Services,

Office of Developmental Disabilities Services (ODDS). Fisher Decl. Ex. 102, ECF No. 41. On

February 21, 2025, ODDS responded to Plaintiff's complaint, stating that:

> ODDS' responsibility does not include housing but instead, provides supports to
> ensure individuals are able to be in housing of their choosing. These supports can
> include helping you set goals related to housing such as completing applications,
> working with Housing Works, identifying other funding sources, or assisting you
> in saving money for a deposit. I have been able to verify with the [Deschutes
> County Community Developmental Disabilities Program] that these resources and
> supports have been offered to you previously. **This will be the final response on
> this issue.**

Fisher Decl. Ex. 102.

## STANDARDS

I.    **Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for
      Lack of Subject Matter Jurisdiction**

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of a

federal court. "Subject matter jurisdiction defines the court's authority to hear a given type of

case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "Federal courts are courts

of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

II.   **Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for
      Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations

allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009). A court must accept all well-pleaded, material factual allegations and

construe them in the light most favorable to the non-moving party. *Lathus v. City of Huntington

Beach*, 56 F.4th 1238, 1240 (9th Cir. 2023). But the court is need not accept as true legal

conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555. If the complaint is

dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I.     Subject Matter Jurisdiction

Defendant argues that, to the extent Plaintiff's claims against the State of Oregon are based on ODDS' February 21, 2025, letter, this Court does not have subject matter jurisdiction over them. Def.'s Mot. 3-4. The Court agrees.

Under Oregon's Administrative Procedures Act (APA), the February 21, 2025, letter was a "final order." An "order" is any agency action directed to a named person. ORS 183.310(6)(a). A "final order" is defined as "final agency action expressed in writing." ORS 183.310(6)(b). The letter was directed to Plaintiff and indicated that it was "the final response on this issue." *Teel Irr. Dist. v. Water Res. Dep't*, 898 P.2d 1344, 1353 (Or. Ct. App. 1995), *aff'd in part and vacated in part sub nom. Teel Irr. Dist. v. Water Res. Dep't of State of Or.*, 919 P.2d 1172 (Or. 1996) ("an agency action, expressed in writing, directed to the individual . . . [that] did not contemplate or allow any further agency action . . . was a final order.").

Oregon's "APA statutes governing judicial review provide the sole and exclusive methods of obtaining judicial review." *Bay River, Inc. v. Env't Quality Comm'n*, 554 P.2d 620, 622 (Or. Ct. App. 1976); ORS § 183.480(2) ("Judicial review of final orders of agencies shall be solely as provided by ORS 183.482, 183.484, 183.490 and 183.500."). Under ORS 183.484, jurisdiction for judicial review of final orders other than in contested cases lies with the Circuit Courts for Marion County and the county where the petitioner resides.[1] ORS 183.484(1). Thus,

---

[1] Jurisdiction for review in contested cases also resides with the state courts, but it proceeds before the Oregon Court of Appeals in the first instance. ORS 143.482(1). This is not a contested case for purposes of Oregon's APA. *See* ORS 183.310(2)(a) (defining a contested case).

jurisdiction for any claim based on a perceived failure to act lies in state court. This Court lacks jurisdiction to review the February 21, 2025, ODDS letter.

The Court acknowledges that Plaintiff is self-represented and that can make it more difficult for Plaintiff to respond to legal arguments.[2] In fact, here, Plaintiff's argument is that this Court should deny Defendant's motion because the State's arguments regarding jurisdiction "are purely legal in nature and require specialized knowledge that [Plaintiff], as a disabled, unrepresented litigant, cannot reasonably be expected to address." Pl.'s Resp. 1, ECF No. 47. But even if Plaintiff were represented by counsel, that would not fix the core problem—this Court lacks jurisdiction over their claims. There is nothing that can fix this fundamental problem with Plaintiff's claim.

## II.    Failure to State a Claim

Defendant also argues that, as to the State of Oregon, Plaintiff's complaint fails to state a claim upon which relief can be granted. Def.'s Mot. 4-6. Defendant is correct.

At their core, the FHA, the ADA, and the Rehabilitation Act prohibit discrimination based on disability. Under the FHA, it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2).

The ADA also provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

---

[2] Despite multiple attempts, the Court has been unable to secure counsel to assist Plaintiff in bringing their claims. *See* October 17, 2025 Order, ECF No. 53

Similarly, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

To bring claims under the FHA, the ADA, or the Rehabilitation Act, Plaintiff must "allege that as a result of the defendant's actions he has suffered 'a distinct and palpable injury.'" *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). But Plaintiff has failed to allege any affirmative acts—as opposed to failures to act—that caused them any injury.

Plaintiff alleges that the State has "persistently failed to take required action to protect [their] well-being." *Id.* And that the State's "failure to provide solutions or reasonable accommodations in housing assistance constitutes discrimination based on disability" under the FHA and the Rehabilitation Act. *Id.* Plaintiff also alleges that the State's "failure to address [their] urgent need for suitable housing and reasonable accommodations" is a denial of their right under the ADA to "equal access to services and programs, including housing assistance." *Id.* But none of those claims allege an action by the State much less an injury that is a result of the State's action. Nor has Plaintiff alleged that they were denied services that are actually offered by the State.

Indeed, Plaintiff's claims against the State rest on one single affirmative action: the February 21, 2025, letter, in which the State informs Plaintiff that they do not provide housing. *See* Compl.[3] But that letter simply goes to Plaintiff's core contention that the State is not

---

[3] Plaintiff's exhibits, attached to their Response, also indicate that the only affirmative action taken by the State is the February 21, 2025, letter. Plaintiff's exhibits include a number of emails from Housing Works and Deschutes County IDD services. The sole exhibit referencing the State is a copy of the "Final Response Letter." Pl.'s Resp. Ex. Y.

providing services or taking certain actions. Plaintiff's allegation that the State is aware of discriminatory conduct and has failed to act is insufficient to maintain a claim. *Cf. Wyatt B. v. Kotek*, 146 F.4th 1267, 1275 (9th Cir. 2025) ("Generally, the Fourteenth Amendment's Due Process Clause does not confer any affirmative right to governmental aid and typically does not impose a duty on the state to protect individuals from third parties.").

Plaintiff's claims against Defendant State of Oregon are dismissed with leave to amend.

## **CONCLUSION**

For these reasons, Defendant's motion to dismiss (ECF No. 40) is GRANTED. Plaintiff may file an amended complaint within thirty days.


IT IS SO ORDERED.


DATED this 3rd Day of November, 2025.

  /s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge