IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


ERIC CROUSE,                                                     Case No. 6:25-cv-00547-AP

           Plaintiff,                                          **ORDER**

    v.

HOUSING WORKS, DESCHUTES COUNTY, and
STATE OF OREGON,

           Defendants.

_____

POTTER, United States Magistrate Judge:

Self-Represented Plaintiff Eric "Eran" Crouse asks the Court to appoint a Guardian ad Litem to protect their interests. Pl.'s Mot. GAL, ECF No. 65. Alternatively, Plaintiff renews their request for appointed pro bono counsel. Pl.'s Mot. Reconsideration, ECF No. 66. As explained below, Plaintiff's Motion for Reconsideration is GRANTED and Plaintiff's Motion to Appoint Guardian ad Litem is DENIED at this time.

Plaintiff argues that they are "unable to meaningfully litigate this matter without legal representation." Pl.'s Mot. Reconsideration 1. The Court had previously granted Plaintiff's request to appoint pro bono counsel but, despite multiple attempts, was unable to do so. June 25, 2025 Order, ECF No. 28. Nearly a year has passed since the last attempt. At this time, the Court finds it is appropriate to attempt to appoint pro bono counsel again. Plaintiff's Motion for reconsideration is granted.

PAGE 1 – ORDER

The Court reiterates that there is no constitutional right to appointed counsel in a civil case. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). While the court will "request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1), the statute "does not authorize appointment of counsel to involuntary service." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986); *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989).

If the Court's efforts to appoint pro bono counsel are unsuccessful, Plaintiff may renew their motion to appoint a guardian ad litem.

Under Rule 17, the Court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action. Fed. R. Civ. P. 17(c). A guardian ad litem represents the interests of minor or incompetent person, but a non-attorney guardian ad litem cannot "pursu[e] claims on behalf of others in a representative capacity." *Gamboa v. Garland*, No. 3:26-CV-0469-DMS-JLB, 2026 WL 221796, at *1 (S.D. Cal. Jan. 28, 2026) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)). Instead, as the Court's Local Rules provide, a guardian ad litem can "[r]etain, or ratify the retention of, qualified counsel to pursue the protected person's claim." LR 17(b)(1).

Rule 17(c) "requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *30.64 Acres of Land, More or Less*, 795 F.2d at 805. Generally, "when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). However, the Court "has broad discretion to fashion an appropriate

PAGE 2 – ORDER

safeguard that will protect an incompetent person's interests." *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017).

At this time, the Court declines to hold a hearing to determine Plaintiff's competence. The Court finds that, even if Plaintiff were not competent to pursue their claims on their own behalf, a court-appointed attorney would sufficiently protect Plaintiff's interests. If no pro bono attorney can be located, Plaintiff may renew their motion, and the Court will hold the appropriate hearing.

IT IS SO ORDERED.

DATED this 13th  day of April, 2026.

 /s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge

PAGE 3 – ORDER